UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WELLS FARGO BANK, N.A., as
Trustee for the
Certificateholders of Banc
of America Mortgage
Securities Inc.,
Alternative Loan Trust 2007-
2 Mortgage Pass-Through
Certificates, Series 2007-
2,

    Plaintiff,

v.     Case No: 2:17-cv-181-FtM-99MRM

JACQUELINE A. HORTON, SANDRA
B. CHIAMIS, THE LANDINGS AT
CORAL CREEK ASSOCIATION,
INC., MATTHEW M. WILLIAMS,
and JOY WILLIAMS,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Dismiss Case with Prejudice Only as to Defendant, Sandra B. Chiamis (Doc. #55) filed on October 12, 2017, and Motion for Entry of Consent Judgment as to the Landings at Coral Creek Association, Inc. and Final Default Judgment as to Defendant, Horton, and the Williams Defendants (Doc. #62) filed on October 20, 2017. No responses or objections have been filed, and both motions are ripe for review.

***Sandra B. Chiamis (Chiamis) and The Landings at Coral Creek Association, Inc. (The Landings)***

Plaintiff reached an agreement with Chiamis, and seeks to voluntarily dismiss all claims against this defendant with prejudice. Chiamis, who filed a pleading in response to the Amended Complaint (Doc. #9) but no counterclaims or crossclaims, did not join the motion but also did not file an opposition to the request. Therefore, the Court will grant the motion and dismiss Chiamis with prejudice.

Plaintiff also received the consent of The Landings for the entry of judgment in favor of plaintiff, with each party to bear their own attorney's fees and costs. (Doc. #62, p. 11.) The Court will accept the stipulation to the entry of judgment against The Landings, assuming the factual basis is otherwise sufficient. The remaining defendants are in default.

***Jacqueline A. Horton, Matthew M. Williams, and Joy Williams***

On April 14, 2017, plaintiff Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Banc of America Mortgage Securities Inc., Alternative Loan Trust 2007-2 Mortgage Pass-Through Certificates, Series 2007-2 (Wells Fargo or plaintiff) filed an Amended Complaint against defendants Chiamis and The Landings, as well as Jacqueline A. Horton (Horton), Matthew M. Williams, and Joy Williams (the Williamses) (collectively defendants). Defendant Horton was served with process on April

3, 2017, and the Williamses were served on April 22, 2017.  On May 16, 2017, Horton (now known as Jacqueline Connor) filed a Waiver of Service of Process (Doc. #27) indicating that she waived any further defenses, that she had no objection to the relief sought in the Amended Complaint, and that plaintiff could seek a default and default judgment against her.  Finding no answer or response from the Williamses, plaintiff sought a Clerk's default against all 3 defendants.[1]  (Doc. #29.)  On June 14, 2017, the Clerk issued an Entry of Default (Doc. #31), and therefore plaintiff has met the necessary prerequisite for a default judgment against these last 3 defendants.  Fed. R. Civ. P. 55(a).  Plaintiff states that defendants are not currently in the military.

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof."  Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (internal citations omitted).

---

[1] Plaintiff also sought a default against defendant Sandra B. Chiamis, which was granted, however the default was later set aside upon motion by Chiamis.  (Docs. ## 39, 42.)

**1. Factual Basis**

In the Amended Complaint, plaintiff seeks to reestablish and enforce a lost Note secured by the subject property (Count I), to foreclose its senior interest in the real property (Count II), and to either require the Williamses to pay it the monthly rent they have been paying to The Landings, or vacate the property so plaintiff may take possession of the real property (Count III).

Deeming all well-pled factual allegations in the Amended Complaint admitted to by the defaulted defendants, the following is established: On April 10, 2007, defendant Horton executed a note for the principal sum of $592,262.00 to the Bank of America (BOA) to fund the purchase of real property, and defendants Horton and Chiamis executed a Mortgage to BOA securing the real property as collateral for the Note. On April 10, 2007, C2FS-Coral Creek, LLC executed a Special Warranty Deed conveying title in the real property located at 10301 Coral Landings Lane to defendants Horton and Chiamis. The Special Warranty Deed and Mortgage were recorded in Charlotte County.

On April 17, 2008, Horton filed for Chapter 7 relief under the Bankruptcy Code, acknowledged that BOA held a note and Mortgage on the subject property, and surrendered the property. Before Horton's discharge on July 30, 2008, the Bankruptcy Court granted BOA relief from the automatic stay to pursue in rem remedies against the property. (Doc. #62-3.) On September 6, 2012,

Chiamis also filed for Chapter 7 relief, and also surrendered the property before discharge on December 11, 2012.

On October 12, 2006, and February 27, 2012, defendant The Landings recorded liens on the property, with the second lien being for $7,308.00. (Doc. #62-6.) On September 3, 2013, BOA executed an Assignment of the mortgage and note to plaintiff.[2] On or about December 4, 2015, defendant The Landings obtained title to the property by Certificate of Title after foreclosing on its liens, subject to plaintiff's mortgage. (Doc. #62-7.) Plaintiff was not joined in The Landings' foreclosure case. The Landings rented the property to the Williamses for $2,000 per month and retained the amount as its own profit.

Plaintiff alleges that Horton and/or Chiamis breached the note and/or mortgage, still in effect, by not making payments and are in default. All subordinate and interests inferior to plaintiff's interest have notice and are named in this suit.

**2. Legal Basis**

Attached to the request for a default judgment is a copy of the Special Warranty Deed (Doc. #62-1), the Mortgage (Doc. #62-

---

[2] The Assignment to plaintiff as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2007-2 Mortgage Pass-Through Certificates, Series 2007-2 was recorded on September 18, 2013, and an Assignment to plaintiff as Trustee for the Certificateholders of Banc of America Mortgage Securities Inc., Alternative Loan Trust 2007-2 Mortgage Pass-Through Certificates, Series 2007-2 was recorded on June 20, 2014.

2), and the Assignment of Mortgage (Doc. #62-5).  Also attached is an Affidavit in Support (Doc. #62-8) by a Document Execution Associate at Nationstar Mortgage LLC, the servicer for the mortgage loan, indicating the current balance due and owing, with accrued interest through October 19, 2017, for a total of $955,082.87. Attached to the Affidavit is the letter notice sent by certified mail to Horton indicating that the loan was in default, <u>id.</u>, Exh. A, and a Lost Note Affidavit, <u>id.</u>, Exh. B with a copy of the Note attached as an exhibit.

      **a. Count I**

Plaintiff seeks to establish the validity of the lost note. A person who is not in possession of an instrument may still enforce the instrument if:

> (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
>
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
>
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Fla. Stat. § 673.3091(1).  The Lost Note Affidavit (Doc. #62-8, Exh. B), sworn by Kelli Thompson, an employee of Nationstar Mortgage LLC, the servicer of the mortgage.  The Affidavit provides that Nationstar regularly stored Notes as part of its regular business practice, and plaintiff is not in possession of the original Note because it is lost and cannot be reasonably obtained.  The Affidavit further provides that Horton executed and delivered a Mortgage securing the payment of the Note to BOA, it was recorded, plaintiff directly or indirectly acquired ownership of the Notice from a person entitled to enforce the Note, and plaintiff did not transfer the Notice or lose possession of it as a result of a seizure.  A copy of the signed Note is attached so as to prove its terms for enforcement purposes, and as required by the statute.  See Fla. Stat. § 673.3091(2) (once proven, the person is entitled to enforce the instrument for payment under Fla. Stat. § 673.3011).  Nationstar indicates that adequate protection will be provided to the extent Horton may experience loss by reason of a claim by another.  (Doc. #62-8, Exh. B, ¶ 11.)  The Court finds that plaintiff has established the lost Note, and its right to enforce the Note against Horton for the principal amount of $592,262.00.

### b. Counts II and III

Plaintiff seeks to foreclose on its interest, have a special master appointed to conduct a sale of the property, and to take

immediate possession of the property.  Plaintiff's senior interest in the real property is undisputed.  The real property is described in the Amended Complaint as:

> Unit 5, THE LANDINGS AT CORAL CREEK, according to the map or plat thereof as recorded in Plat Book 20, Pages 10A through 10K, inclusive, of the Public Records of Charlotte County, Florida.
>
> TOGETHER WITH an undivided 0.7447% share of the common property allocated to said Unit, as more specifically set forth in the Declaration of Covenants, Conditions and Restrictions of The Landings at Coral Creek as recorded in Official Records Book 3052, Pages 299 through 435, Public Records of Charlotte County, Florida.
>
> Parcel Identification Number 0070264-001050-8.
>
> 10301 Coral Landings Ln. #5, Placida, Florida 33946

(Doc. #9, ¶ 7.)  Plaintiff accelerated the principal balance of the Note and Mortgage, and Horton failed to make payments.  The Landings has consented to the judgment in plaintiff's favor, Chiamis was dismissed, and the Williamses were tenants paying rent with an inferior interest.  The outstanding principal balance owed to plaintiff as of June 1, 2012, is $592,238.01.  With interest, and advances, the total outstanding balance as of October 17, 2017, is $955,082.87.  The Court finds that plaintiff is entitled to foreclose its interest against the property as superior to all other rights, and the purchaser of the property will have the right to possess the property and/or eject any tenants, after the public

sale.  Finding notice and an opportunity to be heard, the Court will also appoint the designated master.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Dismiss Case with Prejudice Only as to Defendant, Sandra B. Chiamis (Doc. #55) is **GRANTED** and defendant Sandra B. Chiamis is dismissed with prejudice. The Clerk shall enter judgment dismissing this defendant.

2. Plaintiff's Motion for Entry of Consent Judgment as to the Landings at Coral Creek Association, Inc. and Final Default Judgment as to Defendant, Horton, and the Williams Defendants (Doc. #62) is **GRANTED** and a separate judgment of foreclosure shall be issued as to these defendants.

3. The Clerk shall terminate all pending deadlines, and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of November, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record